

# BARRY
## LAICHE & ASSOCIATES
*Incorporated*

*"Helping people injured in ACCIDENTS throughout Louisiana . . . IT'S WHAT WE DO!"*

February 26, 2019

<u>**Sent Certified Mail- 7016 2710 0000 6481 8317**</u>

Dollar General Corporation
Attn: Chief Executive Officer, Todd Vasos
100 Mission Ridge
Goodlettsville, Tennessee 37072

Re:    Stacy M. Williams
       Vs. 12th JDC, Parish of Avoyelles, Louisiana
       Dollar General Corporation, et al
       Civil Suit No.: 2019-00006440
       Our File No.: 15-7000.599

Dear Mr. Vasos:

Please find enclosed a Citation and a certified copy of a Petition for Damages filed against Dollar General Corporation in the above numbered and entitled cause. This Petition for Damages was filed in the 12th Judicial District Court, Parish of Avoyelles, Marksville, Louisiana. This Petition has been sent to you, and this constitutes service upon which will allow our Court to exercise personal jurisdiction over you. You should forward this Petition to your attorney, since under our law you must comply with the demands contained in the aforementioned document within thirty (30) days after service.

Please sign where marked and return in the self-addressed stamped envelope.

Should you have any questions or concerns regarding this matter, please do not hesitate to contact my office and speak with my paralegal, Carol, at 318-253-4435.

With best regards, I remain

Very truly yours,

*Barry Ray Laiche*
Barry Ray Laiche

BRL/pg
Enclosures:    (1)    Citation – Certified Copy of Petition for Damages

CC:    File
       Stacy Williams

# EXHIBIT A

---

*237 South Washington Street*         blaiche@barrylaiche.com          **Main:**  (318) 253-4435
*Marksville, Louisiana 71351*         mlaiche@barrylaiche.com          **Conf:**  (318) 240-7250
                                      claborde@barrylaiche.com          **Fax:**   (318) 253-6626

# CITATION

| | | |
|---|---|---|
| STACY M WILLIAMS<br><br>Vs.<br><br>DG LOUISIANA, LLC, ET AL |  | Case: 2019-00006440<br>Division: B<br>12th Judicial District Court<br>Parish of Avoyelles<br>State of Louisiana |

DG13:46:1203/06/2019

To: DOLLAR GENERAL CORPORATION, A/K/A, F/K/A, D/B/A, AND
DOLGENCORP, LLC, DOLGENCORP, INC., DG LOUISIANA, LLC,
AND DOLLAR GENERAL STORE # 15788
VIA LOUISIANA LONG ARM STATUTE
THROUGH ITS CHIEF EXECUTIVE OFFICER, MR. TODD VASOS
100 MISSION RODGE
GOODLETTSVILLE, TENNESSEE 37072

**YOU ARE HEREBY CITED** to appear in the office of the Clerk of said Court, in the City of Marksville, Parish aforesaid and comply with the demand contained in the petition, of which a copy is hereto annexed, or make an appearance, in writing, by filing a pleading or otherwise in the Office of said Clerk within THIRTY (30) days after the service hereof, under penalty of default.

**WITNESS** the Honorable **JUDGES** of our said Court on Thursday, February 21, 2019.

Connie B. Couvillon
Clerk of Court

_____
Deputy Clerk of Court

O/P

*Attorney*
BARRY RAY LAICHE
These documents mean you have been sued.
Legal assistance is advisable and you should contact a lawyer immediately.
**JUDGES AND COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.**

-----

## SHERIFF'S RETURN

### PERSONAL SERVICE

**Received** the above citation, a certified copy thereof, and a certified copy of the petition

    *Filed on* _____

    *Date Served* _____

    *In person to* _____

    *Deputy Sheriff* _____

### DOMICILIARY SERVICE

**Received** this citation, a certified copy thereof, and a certified copy of the petition

    *Filed on* _____

    *Date Served* _____

    *Served to* _____
      A person apparently above the age of sixteen years residing at the said domicile as a member thereof from which, at the time of said service, the above named individual was absent.

    *Deputy Sheriff* _____

[ RETURN COPY ]

# CITATION

**STACY M WILLIAMS**

Vs.

**DG LOUISIANA, LLC, ET AL**



Case: 2019-00006440
Division: B
12th Judicial District Court
Parish of Avoyelles
State of Louisiana

DG13:46:1283/06/2019

To: DOLLAR GENERAL CORPORATION, A/K/A, F/K/A, D/B/A, AND
DOLGENCORP, LLC, DOLGENCORP, INC., DG LOUISIANA, LLC,
AND DOLLAR GENERAL STORE # 15788
VIA LOUISIANA LONG ARM STATUTE
THROUGH ITS CHIEF EXECUTIVE OFFICER, MR. TODD VASOS
100 MISSION RODGE
GOODLETTSVILLE, TENNESSEE 37072

**YOU ARE HEREBY CITED** to appear in the office of the Clerk of said Court, in the City of Marksville, Parish aforesaid and comply with the demand contained in the petition, of which a copy is hereto annexed, or make an appearance, in writing, by filing a pleading or otherwise in the Office of said Clerk within THIRTY (30) days after the service hereof, under penalty of default.

**WITNESS** the Honorable **JUDGES** of our said Court on Thursday, February 21, 2019.

Connie B. Couvillon
Clerk of Court

_____
Deputy Clerk of Court

O/P

*Attorney*
BARRY RAY LAICHE
These documents mean you have been sued.
Legal assistance is advisable and you should contact a lawyer immediately.
**JUDGES AND COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.**

---

## SHERIFF'S RETURN

### PERSONAL SERVICE

**Received** the above citation, a certified copy thereof, and a certified copy of the petition

*Filed on* _____

*Date Served* _____

*In person to* _____

*Deputy Sheriff* _____

### DOMICILIARY SERVICE

**Received** this citation, a certified copy thereof, and a certified copy of the petition

*Filed on* _____

*Date Served* _____

*Served to* _____
A person apparently above the age of sixteen years residing at the said domicile as a member thereof from which, at the time of said service, the above named individual was absent.

*Deputy Sheriff* _____

[SERVICE COPY]

CIVIL SUIT NO. 2019-6440 B

STACY M. WILLIAMS     12th JUDICIAL DISTRICT COURT

2019 FEB 20 PM 3:50

VERSUS     PARISH OF AVOYELLES

DG LOUISIANA, LLC,
DOLGENCORP, LLC,
DOLLAR GENERAL
CORPORATION     STATE OF LOUISIANA

*******************************************************************

### PETITION FOR DAMAGES

*******************************************************************

    *NOW INTO COURT*, *through undersigned counsel*, comes plaintiff, Stacy M. Williams (hereinafter referred to as "Stacy Williams"), a natural person of the full age of majority, who is a resident and domicile of Simmesport, Avoyelles Parish, Louisiana, and she respectfully represents the following regarding an accident of March 3, 3018, *to wit*:

1.

    Made party defendants are:

(1) **DG LOUISIANA, LLC** a/k/a, f/k/a, d/b/a, and DOLGENCORP, LLC DOLGENCORP, INC., DOLLAR GENERAL CORPORATION and DOLLAR GENERAL STORE # 773 (each and all hereinafter referred to as "Dollar General"), a foreign business entity licensed to do and actually doing business in Avoyelles Parish, Louisiana, and which entity may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802; and

(2) **DOLGENCORP, LLC** a/k/a, f/k/a, d/b/a, and DG LOUISIANA, LLC, DOLGENCORP, INC., DOLLAR GENERAL CORPORATION and DOLLAR GENERAL STORE # 773 (each and all hereinafter referred to as "Dollar General"), a foreign business entity licensed to do and actually doing business in Avoyelles Parish, Louisiana, and which entity may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802; and

(3) **DOLLAR GENERAL CORPORATION** a/k/a, f/k/a, d/b/a, and DOLGENCORP, LLC DOLGENCORP, INC., DG LOUISIANA, LLC and DOLLAR GENERAL STORE # 773 (each and all hereinafter referred to as "Dollar General"), a foreign business entity not actually licensed to do but actually doing business in Avoyelles Parish, Louisiana, and which entity may be served via the **Louisiana Long Arm Statute** through its Chief Executive Officer, Mr. Todd Vasos, 100 Mission Ridge, Goodlettsville, Tennessee 37072.

2.

    The aforesaid defendant(s) are justly and truly indebted unto the plaintiff herein, jointly, severally and *insolido*, in an amount commensurate with the damages occasion, together with legal interest from the date of judicial demand and for all costs of these proceedings, all arising an injurious accident which occurred on the premises of a Dollar General Store Number 773

Page 1 of 10

SERVICE COPY

(hereinafter the "Dollar General Store"), 16309 Louisiana Highway 1, Simmesport, Avoyelles Parish, Louisiana 71369 on March 03, 2018.

3.

Dollar General is a self-service type retail store which conducts business from a building located on premises it leases and/or rents, and which is located in Simmesport, Avoyelles Parish, Louisiana.

4.

The interior of such building is *exclusively occupied, controlled and maintained by the defendants herein*, and the building is within the custody and/or *garde'* of the defendants herein.

5.

Upon information and belief, the said defendants set up, display and maintain the building interior, including its floors, fixtures and displayed merchandise.

6.

The merchandise is intentionally displayed by Dollar General employees so as to attract/capture the attention of store patrons as they walk throughout the store.

7.

Generally, a store patron, *such as Stacy Williams*, assumes that the aisles, passages, walkways, displays and merchandise within the store are safe, secure and are free of hazards/ruins/vices/defects which present an unreasonable risk of harm.

8.

A floor which is wet, has a non-visible liquid/film on it or is otherwise improperly maintained is inherently slippery, such that the normal friction between the floor and a person's footwear is lost and/or greatly reduced, and such can easily result in a person slipping on the floor.

9.

Stacy Williams had long standing medical conditions, primarily concerning her low back/lumbar spine, which are the result of both prior injuries and the degenerative process.

10.

As a result of these pre-existing conditions, Stacy Williams id seek regular medical care and treatment and she was very careful in terms of her physical movements and activities, which had allowed her to both control her pain and lead a relatively normal life.

11.

However, these pre-existing conditions also make Stacy Williams particularly susceptible to a worsening of her conditions and pain symptoms from an injurious accident, and, as a result of such pre-existing conditions, the consequences of an accident can be much more profound and serious for Stacy Williams, as opposed to a person without those pre-existing conditions.

12.

On March 02, 2018, the day before she went to the Dollar General Store, Stacy Williams was at the Avoyelles Parish Health Unit, 657 Government Street, Marksville, Avoyelles Parish, Louisiana, when she stepped into a puddle of water that she did not see, and, as a result, she slipped.

13.

When Stacy Williams slipped in the water, her legs spread/separated in an unexpected, uncontrolled and violent manner, and her body twisted, and she sustained injury and felt immediate pain in her neck, lower back and right leg/hip/ankle.

14.

As a result of her symptoms, she decided to go to the emergency room at Avoyelles Hospital in Marksville, Louisiana, where she was examined and was given a prescription.

15.

That evening, her symptoms were somewhat relieved by medication, but the symptoms were persisting.

16.

On the morning of March 03, 2018, *and although she was still feeling the symptoms from the day before,* Stacy Williams realized she needed a few household items and decided to go to the Dollar General Store.

17.

Stacy Williams entered the Dollar General Store, and she was walking along while shopping, which included looking at the displayed merchandise.

18.

As she was walking forward, she unknowingly stepped onto/into *an unknown, foreign substance upon the floor* in an isle area where store patrons would typically walk, and she was caused to violently slip and fall to the floor.

19.

Prior to the accident, Stacy Williams was unaware of the presence of the slippery condition of the floor.

20.

As a result of the accident, Stacy Williams, *who had on-going, pre-existing conditions/symptoms,* felt a hard "pop" and pulling sensation in her right hip/upper right leg, and she had an immediate, very intense pain in her low back, her right hip, and in her right leg, making all the areas that were already somewhat symptomatic much worse.

21.

In addition, she also now felt pain in her left leg, knee, ankle and hand/wrist.

22.

Following the accident, she advised the store personnel of what had occurred, and, shortly thereafter, a person representing himself as the store manager did speak to Stacy Williams.

23.

Upon Stacy Williams reporting the accident to the store manager, the store manager, spoke with Stacy, and, in his doing so, he acknowledged that he was aware of the slippery condition of the floor in that area, and also mentioned the fact that the store had video cameras, and he also told her that the video would be preserved.

24.

Stacy Williams provided the information requested of her and then left the store.

25.

The defendants use a video surveillance/monitoring camera system within the said Dollar General Store, and the monitoring provides store personnel is such that it provided the ability to observe actions, movements and circumstances existing within the store, **all such that defendants knew, or in the exercise of reasonable care, should have known, of the hazards/ruins/vices/defects complained of and which caused the subject accident.**

26.

As against the defendants, plaintiff asserts any and all causes of action under Louisiana law, including causes of action pursuant to Louisiana Revised Statute 9:2800.6 and/or Louisiana Civil Code Articles 2315, 2317, 2317.1, 2322, and plaintiffs cite the following, non-exclusive acts and/or omissions that occurred via the actions and/or inactions of the defendants herein, including its/their employees, contractors and/or servants, *to wit*:

(1) Failing to timely and/or adequately inspect and/or assure the floor was not slippery;
(2) Failing to correct, secure and/or otherwise remediate a hazardous condition on/upon the floor;
(3) Failing to place any and/or adequate warning signs, cones and/or barriers to cause a patron of the store to be able to recognize and avoid the hazard;
(4) Failing to inspect the area on a regular, routine basis to identify hazards;
(5) Failing to warn and/or adequately warn of the slippery condition which then existed; and
(6) Other acts and/or omissions that caused and/or significantly contributed to the incident complained of herein by the plaintiff.

27.

Prior to and at the time of the accident, the premises of the Dollar General Store was controlled, leased/rented, maintained and/or operated by the defendants herein, such that defendants created, knew of, should have known of, and are responsible for, the conditions which caused the hazards/ruins/vices/defects which existed and caused injuries/aggravations to Stacy Williams.

28.

Defendants had custody, control and *garde'* of the said premises, including the floor area complained of herein, and defendants had a duty to keep the interior areas of the store free of hazards/ruins/vices/defects and conditions, such as the unsafe condition of the floor, which presented an unreasonable risk to those shopping within the Dollar General Store.

29.

In addition, the hazard/ruin/vice/defect (i.e. the condition of the floor area complained of as it existed just prior to and at the time of the accident) was, in whole and/or part, created by the actions and/or inactions of employees, contractors, servants and/or customers of the defendant, Dollar General, and said defendants are responsible for the actions and/or inactions of its/their employees, contractors, servants and/or customers.

30.

In addition, the hazards/ruins/vices/defects complained of were, *in whole and/or part*, created by the maintenance and/or inspection procedures, or the inadequate practice thereof, of the interior floor areas of the store, and said defendants are responsible for the actions and/or inactions of its/their employees, contractors and/or servants.

31.

Prior to and at the time of the accident, there were one or more employees of Dollar General within the store and within the immediate area of the hazards/ruins/vices/defects, such that defendants were, or should have been, aware of, the said hazards/ruins/vices/defects.

32.

Prior to, and at the time of the subject accident, *there were no and/or inadequate warning signs to caution Stacy Williams of the dangerous condition/situation*.

33.

Further, plaintiff asserts that defendants created, knew of, or *reasonably should have known of (i.e. constructive notice)* the unreasonably dangerous condition, as complained of herein, which existed and that such hazards/ruins/vices/defects existed **for a period of time such that they should have been discovered, warned of and/or remedied.**

34.

After Stacy Williams left the Dollar General Store, she went home and attempted to rest, but her injuries/aggravations persisted, and actually grew significantly more painful, and it became apparent that the subject slip and fall accident had caused her more serious injuries/aggravations than she had previously sustained the day before.

35.

Later that afternoon, Stacy Williams' right leg and hip became *so extremely stiff, sore and swollen,* that she could hardly walk on it.

36.

Over the course of the next several days, Stacy Williams experienced increasing pain and discomfort, and she took medication and she attempted to rest and stay off of her right leg/hip.

37.

Thereafter, Stacy Williams sought additional medical care and treatment, which included doctor visits and medication.

38.

As a result of the subject accident, and the physical injuries she sustained, Stacy Williams has suffered the following damages: increased physical pain and suffering, a period of disability/limited activity, medical expenses, facility expenses, surgical expenses, over the counter and prescription medication expenses, mental anguish, humiliation, a permanent/chronic worsening of her pre-existing conditions and other items of general and special damages (all being past, present and future).

39.

Plaintiff, Stacy Williams asserts that the injuries/aggravations sustained as a result of her slip at the Avoyelles Parish Health Unit were, to some degree/extent, made worse/aggravated by the slip and fall of March 3, 2018 at the Dollar General store, such that the subsequent damages sustained by her are casually connected to the accidents of both March 2, 2018 and March 3, 2018.

40.

At the present time, the value of the claims asserted herein *does not* appear to exceed the amount of $ 50,000.00, *exclusive of judicial interest and court costs.*

**WHEREFORE**, the plaintiff, Stacy Williams respectfully prays as follows:

(1) That this petition be deemed good and sufficient;
(2) That the same be served upon the defendants named herein in paragraph 1 hereof, ordering said defendants to answer the allegations contained herein;
(3) That after all legal delays and due proceedings had, that there be judgment herein in favor of plaintiff, and against the defendants, named herein in paragraph 1 hereof;

(4) That such judgment be entered individually, jointly and insolido, in an amount commensurate with the damages enumerated herein at the conclusion of the trial of this proceeding, together with legal interest from date of this demand, and for all costs of these proceedings; and

(5) That this Honorable Court afford the plaintiff all general and equitable relief as is necessary to fully compensate the plaintiff herein.

RESPECTFULLY SUBMITTED:

BARRY LAICHE & ASSOCIATES

BARRY RAY LAICHE (22456)
237 S. Washington Street, Suite "A"
Marksville, Louisiana 71351
Telephone:   (318) 253-4435
Facsimile:    (318) 253-6626
***ATTORNEY FOR PLAINTIFF,***
***STACY M. WILLIAMS***

### REQUEST FOR SERVICE

DEAR CLERK,

THE PLAINTIFFS HEREIN REQUEST ***SERVICE OF THIS PETITION FOR DAMAGES*** ALONG WITH CITATION. PLEASE SEE "SERVICE INFORMATION" SHEET ATTACHED HERETO.

FILED 02/20/19
ATTEST
A TRUE COPY
_____
Dy. Clerk

Page 8 of 10

CIVIL SUIT NO. _____

| | |
|---|---|
| **STACY M. WILLIAMS** | **12th JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF AVOYELLES** |
| **DG LOUISIANA, LLC, DOLGENCORP, LLC, DOLLAR GENERAL CORPORATION** | **STATE OF LOUISIANA** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S REQUEST FOR SERVICE
AND SERVICE INSTRUCTIONS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEAR CLERK OF COURT:

PLEASE CAUSE SERVICE OF THESE PLEADINGS, ALONG WITH A CITATION TO ANSWER THE SAME WITH IN THE TIME DELAY ALLOWED BY LAW, UPON THE FOLLOWING NAMED DEFENDANTS:

**DG LOUISIANA, LLC** a/k/a, f/k/a, d/b/a, and DOLGENCORP, LLC DOLGENCORP, INC., DOLLAR GENERAL CORPORATION and DOLLAR GENERAL STORE # 15788, through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802; and

**DOLGENCORP, LLC** a/k/a, f/k/a, d/b/a, and DG LOUISIANA, LLC, DOLGENCORP, INC., DOLLAR GENERAL CORPORATION and DOLLAR GENERAL STORE # 15788, through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802; and

**DOLLAR GENERAL CORPORATION** a/k/a, f/k/a, d/b/a, and DOLGENCORP, LLC DOLGENCORP, INC., DG LOUISIANA, LLC and DOLLAR GENERAL STORE # 15788, via the **Louisiana Long Arm Statute** through its Chief Executive Officer, Mr. Todd Vasos, 100 Mission Ridge, Goodlettsville, Tennessee 37072.

PROCESS SERVER:

PLEASE CALL ***BARRY RAY LAICHE, ESQUIRE AT (318) 253-4435*** SHOULD YOU HAVE ANY QUESTIONS.

Page 9 of 10

CIVIL SUIT NO. _____

| | |
|---|---|
| STACY M. WILLIAMS | 12th JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF AVOYELLES |
| DG LOUISIANA, LLC, DOLGENCORP, LLC, DOLLAR GENERAL CORPORATION | STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REQUEST FOR NOTICE OF TRIAL DATE, ETC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are hereby requested to give the undersigned attorney written notice, by mail, ten (10) days in advance of the date fixed for trial of this case, whether on exceptions, rules or the merits thereof.

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are also requested to send us immediate notice of any order or judgment made or rendered in this case, upon entry of such order or judgment.

RESPECTFULLY SUBMITTED:

BARRY LAICHE & ASSOCIATES

_____
BARRY RAY LAICHE (22456)
237 S. Washington Street, Suite "A"
Marksville, Louisiana  71351
Telephone:  (318) 253-4435
Facsimile:  (318) 253-6626
***ATTORNEY FOR PLAINTIFF,
STACY M. WILLIAMS***

CERTIFIED MAIL

7016 2710 0000 6481 8317

Received
MAR 0 4 REC'D
GC / CPO

Dollar General Corporation
Attn: Chief Executive Officer, Todd Vasos
100 Mission Ridge
Goodlettsville, Tennessee 37072

arry R. Laiche
37 South Washington Street
Marksville, LA 71351

Case 1:19-cv-00474-DDD-JPM Document 1-2 Filed 04/12/19 Page 16 of 16 PageID #: 23