c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STACY WILLIAMS, Plaintiff | CIVIL ACTION NO. 1:19-CV-00474 |
| VERSUS | JUDGE DRELL |
| DG LOUISIANA L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are a Motion to Remand (ECF No. 9) and a "Corrective Document/Unopposed Motion to Supplement and Amend Complaint" ("Motion to Amend") (ECF No. 14) filed by Plaintiff Stacy M. Williams ("Williams"). Williams alleges the amount in controversy does not – and did not at the time of filing removal – exceed $75,000. ECF No. 7 at 7. Defendant DG Louisiana, L.L.C. (incorrectly named as Dolgencorp, L.L.C. and Dollar General Corporation) ("DG") opposes remand. ECF No. 16.

Because DG has established removal jurisdiction by a preponderance of the evidence, and Williams fails to show, to a legal certainty, that her damages do not exceed $75,000, Williams's Motion to Remand (ECF No. 9) should be DENIED. And because Williams cannot divest the Court of diversity jurisdiction through a post-removal amendment, Williams's Motion to Amend (ECF No. 14) should be DENIED as futile.

1

I.  Background

Williams filed a Petition for Damages in the Twelfth Judicial District Court, Avoyelles Parish, Louisiana. ECF No. 1-2 at 5-12. Williams names as Defendants DG Louisiana, L.L.C., Dolgencorp, L.L.C., and Dollar General Corporation.[1] ECF No. 1-2 at 2. Williams alleges she sustained injuries when she slipped and fell at the DG store #773 on March 3, 2018. ECF No. 1-2 at 5-7.

Williams asserts she had "long standing medical conditions, primarily concerning her low back/lumbar spine, which are the result of both prior injuries and the degenerative process." ECF No. 1-2 at 6. Williams alleges she slipped and fell at the Avoyelles Parish Health Unit on March 2, 2018, the day before the DG incident. ECF No. 1-2 at 7. Williams asserts she felt immediate pain in her neck, lower back, and right leg/hip/ankle. *Id.* She went to the emergency room where she was given a prescription, but her symptoms persisted. *Id.*

The next day, Williams went to DG for household items and was still feeling the symptoms from the day before. *Id.* Williams contends she stepped on an "unknown, foreign substance upon the floor" in an isle area and fell to the floor. ECF No. 1-2 at 8. She "felt a hard 'pop' and pulling sensation in her right hip/upper right leg, and had immediate, very intense pain in her low back, her right hip, and in her right leg," aggravating her previous symptoms. *Id.* Additionally, she "now felt pain in her left leg, knee, ankle, and hand/wrist." ECF No. 1-2 at 8. Williams

---

[1] For the sake of clarity, the Court will refer to DG when referring to Carlson's allegations against the named Defendants.

contends that after going home she realized this incident caused "her more serious injuries/aggravations than she had previously sustained the day before." ECF No. 1-2 at 10.

Williams claims the manager was aware of the floor's slippery condition. *Id.* Williams asserts liability against DG under La. R.S. 9:2800.6 and La. Civ. Code arts. 2315, 2317, 2317.1, and 2322 for its negligent acts and omissions. ECF No. 1-2 at 9. Williams alleges "increased physical pain and suffering, a period of disability/limited activity, medical expenses, facility expenses, surgical expenses, over the counter and prescription medication expenses, mental anguish, humiliation, a permanent/chronic worsening of her pre-existing conditions and other items of general and special damages (all being past, present, and future)." ECF No. 1-2 at 11. Williams's Petition includes the following allegation: "At the present time, the value of the claims asserted herein *does not* appear to exceed the amount of $50,000.00, *exclusive of judicial interest and court costs*." ECF No. 1-2 at 11) (emphasis in original).

DG answered, asserting various affirmative defenses. ECF No. 7-1. On April 12, 2019, DG removed after receiving discovery responses, including Williams's medical records and expenses. ECF No. 1 at 1-5. DG alleges the parties are diverse and that the amount in controversy exceeds $75,000.[2] *Id.*

---

[2] Williams, a domiciliary of Avoyelles Parish, Louisiana, is a citizen of the State of Louisiana. ECF No. 1 at 4. DG Louisiana, L.L.C. is a single member limited liability company ("L.L.C.") whose sole member is Dolgencorp, L.L.C., whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee. ECF No. 1 at 4. It is undisputed that the parties are diverse.

In its Notice of Removal, DG attaches Williams's Petition for Damages (ECF No. 1-2) and Williams's Answers to Interrogatories and Responses to Request for Production, including medical records and expenses. ECF No. 1-3. DG contends Williams's past medical specials are $29,479.96. ECF Nos. 1 at 2; 1-3 at 18. DG further asserts that Williams underwent a right hip trochanteric bursectomy on February 7, 2019. ECF Nos. 1 at 3; 1-3 at 62. DG contends general damages for a hip injury along with other injuries and surgery, when combined with Williams's special damages, exceed $75,000. ECF No. 1 at 3.

Williams filed a Motion to Remand (ECF No. 9) and an unopposed Motion to Amend. ECF No. 14. Williams argues that at no time did her damages exceed $75,000. ECF No. 9 at 1-2. Williams seeks to clarify the amount in controversy through a post-removal "Affidavit to Clarify/Judicial Admission." ECF Nos. 8-4 at 1-4; 9 at 1. Williams also seeks to supplement and amend paragraphs 39 and 40 of her original Petition to judicially admit and limit her claim to fifty-percent of her special damages and to judicially admit that her claim does not exceed $50,000. ECF Nos. 14; 15. DG opposes remand. ECF No. 16.

II. **Law and Analysis**

    A. **Standards governing the Motion to Remand.**

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul*

*Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." *Id.*

Louisiana law forbids plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893. Accordingly, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

However, "[t]he required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard*

5

v. *Down Chem. Co.*, 481 Fed.Appx. 859, 862 (5th Cir. 2010)). Moreover, if the removing defendant carries its burden, remand is still warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed $75,000. *See De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). One such way for a plaintiff to satisfy the "legal certainty" test is to file a binding stipulation or affidavit with the original complaint. *Id.* at 1412.

### B. DG established, by preponderance of the evidence, that Williams's claims likely exceed $75,000.

There is complete diversity among the parties. The only issue before the Court is whether Williams's claims satisfied the jurisdictional threshold at the time of removal. As noted, Louisiana law forbids plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893. Thus, DG – the removing defendant – "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia*, 233 F.3d at 882. The following familiar standards apply to the Court's analysis:

> Once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Allen*, 63 F.3d at 1336 (holding that once removal jurisdiction attached, a subsequent amendment of the complaint reducing the amount in controversy to less than the required amount cannot divest jurisdiction); 16 James Wm. Moore et al., Moore's Federal Practice § 107.41[2][c] (3d ed. 1999); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 725 at 115 (3d ed. 1998). The jurisdictional facts that support removal must be judged at the time of the removal. *Id.* at 1335. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of

6

removal. *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), abrogated on other grounds, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *St. Paul Mercury Indem.*, 303 U.S. at 292, 58 S.Ct. 586; *ANPAC*, 988 F.2d at 565; *Allen*, 63 F.3d at 1336; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1995).

*Gebbia*, 233 F.3d at 883.

Here, Williams's original Petition contained no specific allegations indicating that the amount in controversy exceeds $75,000. ECF No. 1-2 at 5-12. To the contrary, Williams alleged that: "At the present time, the value of the claims asserted herein *does not* appear to exceed the amount of $50,000.00, *exclusive of judicial interest and court costs*." ECF No. 1-2 at 11 (emphasis in original).[3] The parties agree that the amount in controversy was not "facially apparent" in the original Petition. ECF Nos. 1 at 2; 9-1 at 2.

Thus, DG "must produce evidence . . . that the actual amount in controversy exceeds" $75,000. *De Aguilar*, 47 F.3d at 1412. In considering whether DG has met its burden, the Court may consider references to general damages awards for similar injuries, as well as Williams's discovery responses. *See, e.g., Stine v. Dolgencorp Inc.*, CIV. A. 07-0858, 2007 WL 2711015, at *1 (W.D. La. Sept. 13, 2007)

---

[3] Under Louisiana law, a plaintiff is entitled to a jury trial only when the claims exceed $50,000, exclusive of interest and costs. La. Code Civ. P. art. 1732(A).

(noting a defendant's citations to damage awards in cases involving similar injuries).

With its Notice of Removal, DG attached Williams's discovery responses, including her itemized special damages and medical records. ECF No. 1-3 at 1-81. Williams's original Petition alleges that she "felt a hard 'pop' and pulling sensation in her right hip/upper right leg, and had immediate, very intense pain in her low back, her right hip, and in her right leg," aggravating her previous symptoms. ECF No. 1-2 at 8. Additionally, she "now felt pain in her left leg, knee, ankle, and hand/wrist." ECF No. 1-2 at 8. Williams contends that after going home she realized this incident caused "her more serious injuries/aggravations than she had previously sustained the day before." ECF No. 1-2 at 10. Williams further alleges her "right leg and hip became *so extremely stiff, sore and swollen*, that should could hardly walk on it." ECF No. 1-2 at 11 (emphasis in original).

Williams seeks damages for "increased physical pain and suffering, a period of disability/limited activity, medical expenses, facility expenses, surgical expenses, over the counter and prescription medication expenses, mental anguish, humiliation, a permanent/chronic worsening of her pre-existing conditions and other items of general and special damages (all being past, present, and future)." ECF No. 1-2 at 11.

In response to discovery, Williams states that she suffered "injuries and aggravations to her hip, leg, knees, ankles, low back, and both hands/wrists" in the fall at DG and was "required to have surgery on February 7, 2019." ECF No. 1-3 at

8

2. Williams repeatedly asserts aggravation of pre-existing conditions and repeatedly references the fall on March 2, 2018 – one day before the DG fall – which she asserts also caused neck, lower back, and right leg/hip/ankle injuries and aggravation of pre-existing conditions. ECF No. 1-3 at 2-9.

Regarding the amount of damages claimed as a result of the fall at DG, Williams responds that her "medicals are listed on the attached profile" and "[o]therwise, [her] damages continue and she previously limited same to $50,000.00 but reserves the right to amend the amount she is seeking." ECF No. 1-3 at 9. DG specifically asked whether Williams's damages exceed $50,000, exclusive of interest and costs. ECF No. 1-3 at 10. Williams responds that:

> To the best of plaintiff's recollection at this time, no determination has been made as to the amount of plaintiff's damages either special or general; plaintiff's medicals are listed on the attached profile. Otherwise, plaintiff's damages continue and she previously limited same to $50,000.00 but reserves the right to amend the amount she is seeking. Otherwise, plaintiff reserves the right to supplement this answer under sperate cover or at deposition.

ECF No. 1-3 at 10. Williams thus indicates that she is seeking continuing and future damages which could cause her to amend the amount she is seeking.

Williams's medical profile showing "Date of Loss: March 3, 2018," reflects total medical expenses in the amount of $29,479.26, including Williams's surgical expenses. ECF No. 1-3 at 18. Williams's medical records show she underwent a right hip trochanteric bursectomy and iliotibial band release on February 7, 2019. ECF No. 1-3 at 62. The medical records repeatedly reflect that Williams's onset of

symptoms was "sudden with injury which occurred on 3/02/2018 and 3/03/2018." ECF No. 1-3 at 68-79.

In its Notice of Removal, DG cited cases awarding general damages for hip injury accompanied by other injuries and surgery in the amount of $50,000 and higher. ECF No. 1 at 3) (citing *Mouhot v. Twelfth Street Baptist Church,* 2006-1283 (La. App. 3 Cir. 2/7/07), 949 So.2d 668 ($55,000 general damages award to plaintiff underwent hip surgery, and medical evidence indicated she made a full and quick recovery; the appellate court opined that the amount of general damages award in this case was certainly modest); *Keyworth v. Southern Baptist Hospital*, (La. App. 4 Cir. 1988), 524 So.2d 56 ($225,000 general damages award for injury requiring hip surgery); *Stirgus v. St. John the Baptist Parish School*, 13-15 (La. App. 5 Cir. 7/30/13), 121 So.3d 197 ($50,000 general damages award for hip surgery, plaintiff made a full recovery)). These general damages awards, combined with Williams's special damages, alone show that the amount in controversy at the time of removal – more likely than not – exceeded $75,000. Williams's insistence that her damages may continue to accrue solidified the point.

### C. Williams has not shown to a legal certainty that her damages do not exceed $75,000.

Although DG has carried its burden to establish jurisdiction by the preponderance of the evidence, Williams may still prevail by proving, to a legal certainty, that her damages do not exceed $75,000. *See De Aquilar*, 47 F.3d at 1411. To this end, the Fifth Circuit has stated:

10

>Plaintiff's 'legal certainty' obligation might be met in various ways; we can only speculate, without intimating how we might rule in such case. Plaintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment. Absent such a statute, '[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.' *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam).

*De Aguilar*, 47 F.3d at 1412; *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002). Here, no such statute has been identified, and Williams did not file a binding stipulation or affidavit with her original Petition. Instead, Williams seeks leave to file a post-removal amendment and submits a post-removal affidavit. ECF Nos. 8, 8-4, 14, 15.

Williams argues her original Petition was ambiguous, seeks to amend her original Petition, and submits an affidavit to attest that her damages do not exceed $75,000. ECF Nos. 8, 14. However, "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d at 883 (citing *St Paul,* 303 U.S. at 289–90; *Allen,* 63 F.3d at 1336). A court may only give effect to a post-removal stipulation or affidavit which clarifies an otherwise ambiguous amount in controversy at the time of removal. *Gebbia*, 233 F.3d at 883.

With her proposed amendment, Williams submits an "Affidavit to Clarify/Judicial Admission" executed by her on April 24, 2019 (post-removal). ECF No. 8-4 at 1-4. Williams attests that she intended to limit the amount in controversy in Paragraph 40 of her original Petition to below $50,000, exclusive of interest and

11

costs. ECF No. 8-4 at 1. She attests that she clarifies any ambiguity in her original Petition to make it clear that she did not at the time of filing, does not presently, and never will assert or claim an amount that exceeds $75,000. ECF No. 8-4 at 2. She further attests that she will never seek or attempt to collect any judgment against DG in excess of $75,000, exclusive of interest and costs. ECF No. 8-4 at 2. She attests that she waives and forgoes "any claim for actual, general, special, punitive or other damages and/or awards of any type, kind and/or nature in excess of . . . $75,000, exclusive of interest and costs," from DG. *Id.* Williams further attests that the "aggregated monetary damages [she is] seeking, including general damages, special damages, penalties (if any), attorney fee awards (if any), and any and all other damages . . . are less than . . . $75,000, exclusive of interest and costs. ECF No. 8-4 at 3. She also attests that her "special damages . . . which were incurred after the accident of March 3, 3018, are claimed to be causally related to both [her] March 2, 2018 and March 3, 2018 accidents . . . and [she asserts and claims DG is] only responsible and/or legally liable for [50%] of any and all . . . special damages." *Id.*

In support of arguing the court should allow a post-removal affidavit, Williams cites to several decisions of the United States District Court for the Eastern District of Louisiana. ECF No. 9-1 at 8 (citing *Davis v. State Farm Fire and Cas. Davis v. State Farm Fire & Cas.*, CIV. A. 06-0560, 2006 WL 1581272, at *2,4 (E.D. La. June 7, 2006); *Smith v. State Farm Mut. Auto. Ins. Co.*, CIV.A. 09-6522, 2010 WL 3070399, at *1 (E.D. La. Aug. 3, 2010); *Tanet v. USAA Ins. Co.*,

CIV.A. 09-6779, 2011 WL 39036, at *3 (E.D. La. Jan. 5, 2011)). However, in *Davis*, the plaintiffs' complaints in state court contained a stipulation that the amount of damages was less than $75,000, but none waived the plaintiffs' right to collect damages in a greater amount. *Davis*, 2006 WL 1581272, at *3. Additionally, the court found both plaintiff's post-removal stipulations insufficient to establish to a legal certainty the amount in controversy was less than $75,000 at the time of removal. *Davis*, 2006 WL 1581272, at *2, 5 ("Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his *pre-removal* state court pleadings and stipulations to bind him." (emphasis added)). In both *Smith* and *Tanet*, the court considered the plaintiffs' post-removal affidavits where the petitions were ambiguous as to the amount in controversy and the post-removal affidavit renounced their right to collect damages in excess of $75,000. *See Smith*, 2010 WL 3070399, at *2; *Tanet*, 2011 WL 39036, at *3.

Where a removing defendant submits only conclusory statements or allegations in its Notice of Removal and the amount in controversy is ambiguous, a post-removal affidavit may be considered as the court is still determining a basis for removal. *See Allen*, 63 F.3d at 1335 ("[R]emoval cannot be based simply upon conclusory allegations."). However, in those cases, removal jurisdiction cannot be determined, and post-removal affidavits serve to "clarify" the jurisdictional facts at the time of removal. *Id.* (citing *ANPAC*, 988 F.2d at 565) ("[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of

the removal, and any post-petition affidavits are allowable only if relevant to that period of time."). Here, by contrast, DG established jurisdictional facts that at the time of removal, more likely than not, Williams's damages exceeded $75,000. DG submitted more than just conclusory statements in its Notice of Removal showing that the amount in controversy (not the amount Williams is likely to recover) exceeds the jurisdictional threshold. ECF Nos. 1, 1-2, 1-3.

Also, Williams did not include a stipulation in her original Petition renouncing the right to accept a judgment in excess of $75,000. Notably, Williams's proposed amendment and affidavit are inconsistent with her discovery responses, medical records, and original Petition, all of which were used by DG to establish jurisdictional facts regarding the amount in controversy. ECF Nos. 1-2; 1-3. In those documents, Williams repeatedly alleges and implies her hip injury or aggravation and related surgery are related to the March 3, 2018 fall rather than the March 2, 2018 fall. ECF Nos. 1-2; 1-3. Williams's affidavit did not address or mention her pre-removal discovery responses or documentation.

Additionally, the affidavit makes attestations that state as facts, and presuppose, determinations to be made by the trier of fact in an extraordinary effort to reduce the amount in controversy. No liability or causation determinations have been made at this stage of the proceedings, limiting Williams's damages to one accident or the other or assessing causation to pre-existing conditions. It is just as likely that a trier of fact could assess the entirety of Williams's damages against DG for the March 3, 2018. Williams's affidavit attempts to pretermit any such findings.

The Court has found no precedent allowing such an affidavit. And the Court will create no such precedent here.

Williams's proposed amendment and affidavit constitute an attempt to reduce the amount in controversy to avoid jurisdiction, rather than to clarify any ambiguity in the original Petition. Because the jurisdictional facts presented at the time of removal established this Court's diversity jurisdiction, Williams's post-removal affidavit cannot divest the Court of jurisdiction. *See Gebbia*, 233 F.3d at 883; *ANPAC*, 988 F.2d at 565; *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Therefore, Williams fails to show, to a legal certainty, that her damages do not exceed $75,000.

### D. Williams's proposed post-removal amendment is futile.

Williams proposes two amendments seeking to reduce the amount in controversy. ECF Nos. 8-1; 15 at 1-2. However, the Fifth Circuit has rejected such amendments where the district court determined it had jurisdiction at the time of removal. *See Allen*, 63 F.3d at 1336 (citing *De Aguilar*, 11 F.3d at 57, and *St. Paul Mercury*, 303 U.S. at 292) ("An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction."). For the reasons discussed at length above, Williams's Motion to Amend (ECF No. 14) should thus be DENIED as futile.

### III. Conclusion

Because DG has established removal jurisdiction by a preponderance of the evidence and Williams fails to show, to a legal certainty, that her damages do not

exceed $75,000, and because Williams cannot divest the Court of diversity jurisdiction through a post-removal amendment;

IT IS RECOMMENDED that Williams's Motion to Remand and Motion for Attorney Fees (ECF No. 8) be DENIED.

IT IS FURTHER RECOMMENDED that Williams's Motion to Amend (ECF No. 14) be DENIED as futile.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  8th  day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE